UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY AND AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA,<br><br>Plaintiffs,<br><br>v.<br><br>C.D. STIMSON CO.,<br><br>Defendant. | Case No. C17-235-RSM<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR VOLUNTARY DISMISSAL AND DENYING PLAINTIFFS' MOTION FOR DECLARATORY JUDGMENT |

This matter comes before the Court on Defendant C.D. Stimson Co.'s Motion for Voluntary Dismissal, Dkt #44, and Plaintiffs Continental Casualty Co. and American Casualty Co.'s Motion for Entry of Declaratory Judgment, Dkt. #45.

The only claims remaining before the Court are Defendant's counterclaims. *See* Dkts. #34 and #36. Defendant moves to voluntarily dismiss its counterclaims without prejudice pursuant to Rule 41(a)(2) and (c), stating that it has "withdrawn its tender to Plaintiffs of claims for reimbursement under the insurance policies by letter to Plaintiffs' counsel submitted concurrently with this motion." Dkt. #44 at 2. Plaintiffs do not oppose this Motion. Dkt. #46. The Court finds that dismissal of Defendant's counterclaims without prejudice is appropriate.

ORDER GRANTING DEFENDANT'S MOTION FOR VOLUNTARY DISMISSAL AND DENYING PLAINTIFF'S MOTION FOR JUDGMENT - 1

Plaintiffs "move for entry of Judgment in their favor," without further legal argument, attaching a proposed judgment stating that Plaintiffs "have no duty to pay as defense expenses or as indemnity the sums [Defendant] submitted to [Plaintiffs] and for which [Defendant] sought reimbursement… that were the subject of this action." Dkt. #45-1. In Response, Defendant argues that Plaintiffs "are belatedly trying to amend their complaint to add a new claim for declaratory relief *and* seek summary judgment on that new claim, all in the guise of a motion for entry of judgment under Federal Rule of Civil Procedure 58(d)." Dkt. #48 at 1. Defendant argues that the Court cannot enter Plaintiffs' requested judgment for procedural reasons, and also because the withdrawal of its tender to Plaintiffs means there is no longer an actual controversy, and thus the Court no longer has jurisdiction over a claim for declaratory relief. *Id.* at 3 (citing 28 U.S.C. § 2201(a) (expressly requiring an "actual controversy"); *United States Nat'l Bank of Ore. V. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 445, 113 S. Ct. 2173, 124 L. Ed. 2d 402 (1993)). On Reply, Plaintiffs argue that their Motion is simply trying to clarify that they have no duty to pay the tendered expenses whether they are classified as defense or indemnity expenses. *See* Dkt. #49 at 2–3.

The Court agrees with Defendant's analysis. Given the Court's prior rulings, Defendant's unopposed Motion for voluntary dismissal, and Defendant's withdrawal of tender, there is no longer an actual controversy for the Court to have jurisdiction over. Plaintiffs are barred from seeking an expanded judgment on a claim beyond what was pled or argued at summary judgment. Their request now for judgment in their favor, filed at this late stage, without argument (until the Reply brief) and simply as a bare judgment, is procedurally improper and would not be granted in any event. This Motion will be denied.

ORDER GRANTING DEFENDANT'S MOTION FOR VOLUNTARY DISMISSAL AND DENYING PLAINTIFF'S MOTION FOR JUDGMENT - 2

Having reviewed the relevant briefing, attached declarations, and the remainder of the record, the Court hereby finds and ORDERS:

1) Defendant C.D. Stimson Co.'s Motion for Voluntary Dismissal, Dkt #44, is GRANTED.

2) Plaintiffs Continental Casualty Co. and American Casualty Co.'s Motion for Entry of Declaratory Judgment, Dkt. #45, is DENIED.

3) All pending Motions are terminated.

4) This case is CLOSED.

DATED this 1 day of April 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE